**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

NEIL ANTONIO DASGUPTA,

    Petitioner,                                  Case No. 1:17-CV-10277

v.                                                Honorable Thomas L. Ludington
                                                      United States District Judge

NOAH NAGY,

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION

On January 27, 2017, Petitioner, Neil Antonio Dasgupta, presently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted following a jury trial in the Wayne County Circuit Court of first-degree felony murder and armed robbery. He was sentenced to twenty-three years and nine months for the armed robbery conviction. The sentence was to be served concurrently with a sentence of life imprisonment for the felony murder conviction.

On December 20, 2019, the Court denied the petition for a writ of habeas corpus, declined to issue a certificate of appealability, and denied leave to appeal *in forma pauperis*. Petitioner filed objections to the opinion, which are construed as motions for reconsideration. ECF Nos. 8, 9.

U.S. Dist. Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.* The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. U.S. Dist. Ct.

Rules, E.D. Mich. 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *See Scozzari v. City of Clare,* 723 F. Supp. 2d 974, 981 (E.D. Mich. 2010).

The Court reviewed petitioner's objections to the opinion denying habeas relief. Petitioner is merely rehashing the same arguments that were considered and rejected in the Court's previous order. Petitioner's motion for reconsideration will be denied because he is merely presenting issues which were already ruled upon, either expressly or by reasonable implication, when the Court denied the petition and declined to issue a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 F. App'x 480, 486 (6th Cir. 2008). A certificate of appealability will not be issued because jurists of reason would not find this Court's resolution of petitioner's motions for reconsideration to be debatable.

It is **ORDERED** that the motions for reconsideration [ECF Nos. 8, 9] are **DENIED.**

It is further **ORDERED** that the Court **DECLINES TO ISSUE** a certificate of appealability.

Dated: March 9, 2020                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Neil Antonio Dasgupta** #720336, G. ROBERT COTTON CORRECTIONAL FACILITY, 3500 N. ELM ROAD, JACKSON, MI 49201 by first class U.S. mail on March 9, 2020.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager